UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CHARLES V. PORTER, M. D., ) | U.S. DISTRICT COURT FILED AT WHEELING, WV |
| Plaintiff, ) | FEB 2 5 2003 |
| ) | NORTHERN DISTRICT OF WV OFFICE OF THE CLERK |
| v. ) | CASE NO. 5:02CV100 |
| ) | 5:03-CV-30 |
| JAN C. SESKI, M.D., ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the plaintiff, Charles V. Porter, M.D., by his counsel, Patrick S. Cassidy, Wray V. Voegelin, Cassidy, Myers, Cogan, Voegelin & Tennant, L.C., Martin P. Sheehan, and Sheehan & Nugent, P.L.L.C., and for his complaint against the defendant, Jan C. Seski, M.D., plaintiff states and alleges as follows:

1.  The plaintiff, Charles V. Porter, M.D. (hereinafter Dr. Porter), is a resident of Wheeling, Ohio County, West Virginia, and a physician practicing in the field of gynecology.

2.  The defendant, Jan C. Seski, M.D. (hereinafter Dr. Seski) is a resident of Pennsylvania and a physician practicing in the field of obstetrics and gynecology.

3. On or about March 13, 1999, Tammy J. Lilley filed an action for medical professional liability against Dr. Porter in the Circuit Court of Ohio County, West Virginia, which case was styled *Tammy J. Lilley v. Charles V. Porter, M.D.*, Civil Action No. 99-C-96-RE (hereinafter the underlying civil action).

4. At all times relevant herein, Dr. Porter had a medical professional liability insurance policy with St. Paul Fire and Marine Insurance Company (hereinafter St. Paul) insuring him against liability arising out of the underlying civil action, together with an additional medical professional liability insurance policy with PHICO insuring him for sums in excess of the limitation of liability provided for in his insurance policy with St. Paul.

5. Dr. Porter timely notified his said medical professional liability insurers of the underlying civil action and St. Paul engaged Attorney Richard Hayhurst to represent the interests of Dr. Porter in such action.

6. Following the withdrawal of representation of Richard Hayhurst, St. Paul engaged Joseph A. Katarincic and the law firm of Katarincic & Salmon, to represent the interests of Dr. Porter in the underlying civil action.

7. Pursuant to the terms of the aforesaid professional liability policies, Dr. Porter was obligated to cooperate with his insurers and the counsel retained by his insurers to represent his interests in the underlying civil action.

8. During the course of his representation of Dr. Porter, Joseph A. Katarincic, retained the defendant, Dr. Seski, ostensibly for the purpose of providing expert testimony on behalf of Dr. Porter in the underlying civil action.

9. Joseph A. Katarincic, acting for himself and on behalf of the other lawyers and law firms, secured the agreement of the defendant, Dr. Seski, to give false testimony by affidavit and deposition on the standard of care issue in the underlying action.

10. Dr. Porter did not know that the defendant, Dr. Seski, gave false testimony by affidavit and deposition in the underlying action until receipt of correspondence from Attorney Kenneth J. Barton, Jr. under date of March 5, 2001 following Attorney Barton's substitution as counsel for attorney Joseph A. Katarincic.

11. Pursuant to his agreement with Joseph A. Katarincic the defendant, Dr. Seski, gave false testimony by affidavit and deposition in the underlying civil action, to the detriment of Dr. Porter.

12. The defendant, Dr. Seski, acted in combination with Joseph A. Katarincic, and others, to commit wrongful acts to the injury of Dr. Porter.

13. Prior to agreeing to provide false expert testimony by affidavit and deposition, the defendant, Dr. Seski, advised Joseph A. Katarincic that he would

3

not, under any circumstances, testify at trial to the opinions expressed in his affidavit and deposition because he knew that such opinions were false.

14. The defendant, Dr. Seski, willfully, intentionally, wantonly, and fraudulently gave false testimony by affidavit and deposition in the underlying civil action and such testimony was relied upon by Dr. Porter to his detriment.

15. The allegations contained in the foregoing paragraphs are incorporated, word for word, in each of the following counts.

### COUNT I (Fraud)

16. The defendant, Dr. Seski, intentionally willfully, maliciously, and fraudulently testified falsely, under oath, by affidavit of July 21, 2000 and by deposition of December 28, 2000.

17. Said false testimony was relied upon by Dr. Porter to his detriment.

18. As a direct and proximate result of the fraudulent conduct and acts described herein, Dr. Porter has been damaged.

### COUNT II (Civil Conspiracy)

19. The defendant, Dr. Seski, conspired with Joseph A. Katarincic and/or other attorneys retained by Dr. Porter's insurance company to represent the interests

of Dr. Porter to put forward false and fraudulent testimony in the underlying civil action.

20. As a direct and proximate result of the wrongful acts described herein, Dr. Porter has been damaged.

### COUNT III (Punitive Damages)

21. The actions of the defendant, Dr. Seski, as set forth herein were committed willfully, wantonly, maliciously, and/or with reckless disregard for the rights of Dr. Porter such as to give rise to an award of punitive damages.

### Damages

22. As a direct and proximate result of the aforesaid unlawful conduct and wrongful acts of the defendant, Dr. Seski, the plaintiff, Dr. Porter, suffered substantial economic loss, emotional distress, was embarrassed and humiliated, and was caused to suffer great mental pain and anguish, annoyance, and inconvenience, and he will continue to suffer economic loss, emotional distress, embarrassment, humiliation, and mental anguish in the future; and has otherwise been damaged and injured.

WHEREFORE, the plaintiff, Dr. Porter, prays for an award of compensatory and punitive damages against the defendant, Jan C. Seski, M.D., in such amount in

excess of this Court's jurisdictional minimum as the Court or jury may find appropriate under the circumstances of this case, along with an award of pre and post-judgment interest, attorneys' fees, and such other relief as this Court may deem proper.

PLAINTIFF RESPECTFULLY REQUESTS TRIAL BY JURY.

Respectfully submitted,

Charles V. Porter, Plaintiff

By: _____
Of Counsel

Patrick S. Cassidy, Esq. (WV Bar No. 671)
Wray V. Voegelin, Esq. (WV Bar No. 3879)
CASSIDY, MYERS, COGAN,
VOEGELIN & TENNANT, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
(304) 232-8100
(304) 232-8200 FAX

Martin P. Sheehan (WV Bar No. 4812)
SHEEHAN & NUGENT, P.L.L.C.
41 15th Street
Wheeling, WV 26003

G:\docs\CLIENTS2\1181\05\JLM0065.DOC